### JOHN H. WOOD *vs.* B. F. DILLINGHAM.

APPEAL FROM DECISION OF JUDD, C.J., ON MASTER'S REPORT.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNANDER, J., absent.

The case is reported in 5 Hawn., 634, and the defendant having elected in terms of the decree not to insist upon specific performance, a reference was had to a master to ascertain the amount which the market value of the estate was enhanced by the permanent improvements put thereon by the defendant. The master reported a balance due to the defendant of $4670.20.

On appeal, the Chief Justice reduced the amount to $3670.20.

Both parties having appealed,

Held, that from the reduction of $1000, the sum of $250 should have been allowed for depreciation, but the sum of $100 allowed to the plaintiff, for the removal of a stone wall by the defendant, should be increased to $400, and that the total amount payable to defendant was $3620.20.

OPINION OF THE COURT, BY PRESTON, J.

It was referred to the master to ascertain the amount which the market value of the estate in controversy was enhanced by the permanent improvements put thereon by the defendant, and the master reported that after making certain allowances

and claims of the plaintiff, there was a balance due to the defendant of $4670.20.

On the 10th of February last, the report came before the Chancellor for confirmation, on the motion of the defendant.

The plaintiff opposed the confirmation on various grounds, and the matter was argued at length.

One of the items allowed by the master was four barns, at $1000 each, less 25 per cent. for depreciation, making a balance of $3000 for the barns.

The Chancellor was of opinion that three barns only should have been allowed, and ordered a deduction of $1000, leaving a balance due from the plaintiff to the defendant of $3670.20; and subject to this modification confirmed the report.

Both parties appealed.

BY THE COURT.

We regret that direct evidence was not brought before the master as to the amount the market value of the estate was enhanced by the improvements, the cost price of the materials and labor employed being the basis upon which the calculations were made, but we agree with the Chancellor, that in lieu of other evidence, the cost is a guide.

It appears to us, and it is conceded, that in allowing a deduction of $1000 for one barn, the Chancellor was in error to the extent of $250, as he did not allow for the 25 per cent. depreciation allowed by the master.

There is one other item in the amounts allowed, namely, $100 for a stone wall, removed by the defendant.

We think this amount was too little, and that $400 should have been allowed.

In other respects we see no reason to interfere with the report or the order of the Chancellor, and as the parties requested the Court to make a final order and so avoid the necessity of referring the matter back, we now do so, and order that the order of the Chancellor be modified by allowing the plaintiff a deduction of $750 instead of $1000 in respect to one barn, and allowing him an increase for the stone wall from $100 to $400.

The amount payable by the plaintiff to the defendant and the Woodlawn Dairy Company, his grantees, will, therefore, be $3620.20.

Costs of appeal to be equally divided.

*W. A. Kinney* and *W. A. Whiting*, for plaintiffs.

*F. M. Hatch*, for defendant.